C. S. HUTCHESON v. L. G. CLIPPER ET AL.

(No. 850.)

GARNISHMENT — AFFIDAVIT FOR.— An affidavit for garnishment in describing a judgment against a surety on an appeal bond need not state directly that a mandate from the supreme court had been filed in the district court. Allegations that executions had been issued upon the judgment by the clerk of the district court would involve the presumption that a mandate had been filed.

REQUISITES OF.

APPEAL from Montgomery county. Opinion by WATTS, J.

STATEMENT.— This was a garnishment proceeding commenced in the district court of Montgomery county, on the 19th day of June, 1874, by plaintiff in error against defendant in error.

The affidavit is in substance as follows: Hutcheson, on November 22, 1866, recovered a judgment against Clipper

in that court for $5,728.80. April 7, 1868, Clipper filed his petition for writ of error, and at the same time executed a writ of error and *supersedeas* bond, with G. B. Madely, James B. Pinkston, John M. Wade and W. W. Goodson as his sureties. March 25, 1870, the supreme court affirmed the judgment and rendered judgment against Clipper and his said sureties for the amount thereof; that said judgment is now in force and effect and in no way satisfied or discharged, except the sum of $5,219, paid thereon during the year 1870, leaving a balance due and unpaid on said judgment of $2,914; that since 1870 several executions had been issued to the sheriff of Montgomery county on said judgment and returned not satisfied because no property could be found; that Clipper, Madely, Pinkston, Wade and Goodson, nor either of them, have any property within the knowledge of affiant, out of which the balance of the judgment could be made. And that Messrs. Hooker & Morris, to wit, W. C. Hooker and A. W. Morris, were indebted to defendant, J. M. Wade, or had effects of his in their possession.

September 18, 1874, garnishees answered and filed a motion or exception to the affidavit for garnishment on the grounds:

1. The affidavit does not show the existence, before any proper judgment against Wade, by any court of competent jurisdiction.

2. The affidavit failed to show that a mandate from the supreme court had been filed in the district court.

Wade also appeared and filed exceptions to the same effect. The answers to the writ of garnishment need not be noticed.

June 21, 1875, the cause was called for trial and the exceptions to the affidavit for the writ of garnishment were sustained by the court and the cause was dismissed.

Hutcheson brings the case before the court by writ of error, and assigns as error the sustaining of the motion or exceptions to the affidavit and dismissing the cause.

OPINION.— This proceeding was had under article 3785, P. D., which is, in substance, that when a judgment has been rendered by any court, the plaintiff, his agent or attorney, may make an affidavit before the court or clerk thereof in which the judgment was obtained, in effect, as therein required, a writ of garnishment should issue.

Appellee, Wade, was not a party to the suit of Hutcheson v. Clipper in the district court at the time the judgment was therein rendered against Clipper, but he afterwards made himself a party by signing the writ of error bond as surety. In the exercise of rightful appellate jurisdiction the supreme court subsequently affirmed the judgment of the court below and rendered judgment against Clipper and the sureties on his writ of error bond, and as the supreme court has no original but appellate jurisdiction only, in contemplation of law its judgments are the judgments of the district courts in which the suits were brought, etc.

Such judgments can only be carried into execution in the courts of original jurisdiction, where the means to accomplish that end are provided by law.

When a mandate, which is the official evidence of the affirmance, has been filed in the court below, the clerk thereof is required to issue execution, without further action upon the part of the district court. P. D., art. 1571.

And it has been ruled that the clerk has no authority to issue an execution until the mandate has been filed in the district court.

It is claimed that the affidavit for the writ in this case is fatally defective because it is not therein stated that a mandate had been filed in the district court, and it was so held by the court below. The rendition of the judgment by the district court, the execution of the writ of error bond, the affirmance of the judgment, the issuance of several executions upon the same, several payments made upon the judgment, and the lapse of three years since the affirmance of the judgment by the supreme court, were all shown by the

affidavit. We can perceive no good reason why the affidavit should state that the official evidence of affirmance by the supreme court had been filed in the court below; it seems that the affidavit sufficiently shows the existence of a subsisting judgment against Wade and others, and as to whether a mandate had or had not been filed is a matter of evidence, to be produced upon the trial.

Again, the writ of error bond, when forfeited, had the force and effect of a judgment; it will hardly be denied that the affirmance of the judgment by the supreme court was a declaration of forfeiture, and from thence the same had the force and effect of a judgment.

It is equally clear that what is meant by the term "force and effect of a judgment" is the force and effect of a judgment of the district court, for it has been held that from the time of the forfeiture that, as a judgment, it took the statutory lien upon all the lands owned by the obligors, situated in the county where the original judgment had been rendered. Robertson v. Moore, 25 Tex., 442; Berry v. Shuler, 25 Tex. Sup., 148.

The object and purpose of the statute is to extend the garnishment process, to aid in obtaining the result of the judgment, and it must be held that the same, in its spirit and intention, includes every species of moneyed judgments.

From the facts stated in the affidavit it would be presumed that the mandate had been issued and filed in the court below. Any other conclusion would involve the presumption that the clerk of the district court had acted in violation of his duty and without authority. Here, as in the case of Black v. Epperson,[1] it should be presumed that the mandate had been filed prior to the issuance of the executions upon said judgment.

In our opinion the court below erred in sustaining appellee's motion to quash the affidavit for the writ of garnishment, and that the judgment of the court ought to be reversed and the cause remanded.

[1] 40 Tex., 163.